[No. 2410]

## In the Matter of the Application of PLINY H. PHILLIPS for a Writ of Habeas Corpus.

[187 Pac. 311]

1. DIVORCE—ORDER IN CONTEMPT PROCEEDING NOT MODIFICATION OF ORIGINAL DECREE.

    An order in a contempt proceeding, providing that a divorced husband pay alimony provided for in original decree or go to jail, was not a modification of the original decree, and it was immaterial that the court had not reserved the right to modify or amend the original decree.

2. CONSTITUTIONAL LAW—IMPRISONMENT FOR FAILURE TO PAY ALIMONY NOT IMPRISONMENT FOR "DEBT."

    Alimony does not constitute a "debt" within the meaning of Const. art. 1, sec. 14, providing that there shall be no imprisonment for debt, a debt in the sense used in the constitution alluding to an obligation growing out of a business transaction, and not to an obligation arising from the existence of the marital status.

3. DIVORCE—ALIMONY MAY BE GRANTED WIFE.

    The statutes permit the court on granting a divorce to allow alimony to the wife.

ORIGINAL PROCEEDING. Application by Pliny H. Phillips for writ of habeas corpus. **Proceeding dismissed, and petitioner remanded.**

*H. V. Morehouse* and *H. W. Huskey*, for Petitioner:

The alimony in the judgment is enforceable by execution. It is nothing but a debt. The decree is a judgment at law; it cannot be enforced by contempt. The orders of the lower court are void. The alimony order becomes a debt enforceable by execution. Not being founded on fraud or libel, the debt cannot be enforced by imprisonment. An action at law can be had on the judgment, execution can be issued upon it, and it can be filed as a claim in probate proceedings. It is therefore a debt; no method of reasoning can change it into anything else. Being a debt, the petitioner cannot be imprisoned for its nonpayment. Leeder v. State, 75 N. W. 541; Seager v. Seager, 36 N. W. 536; Marsh v. Marsh, 70 N. E. 154.

It appears from the original judgment that the marriage between the parties has been wholly dissolved; that the judgment is not subject to the further order of the court. When the judgment became final, all jurisdiction over it ended, and the court could not make any order concerning the enforcement of the judgment. Any such order is beyond the jurisdiction of the court. Daniels v. Daniels, 12 Nev. 121; White v. White, 62 Pac. 1062; Howell v. Howell, 37 Pac. 770; Kamp v. Kamp, 59 N. Y. 220; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Bassett v. Bassett, 67 Am. St. Rep. 863; Ætna Ins. Co. v. McCormick, 20 Wis. 265; Salter v. Hilgen, 40 Wis. 363; Bacon v. Bacon, 43 Wis. 197; Day v. Mertlock, 87 Wis. 577.

The jurisdiction over the parties is at an end after the suit, and the award of alimony is final and cannot be changed (Smith v. Smith, 45 Ala. 264; Kerr v. Kerr, 59 How. Pr. 255; Shepherd v. Shepherd, 58 N. Y. 644; Peterson v. Thomas, 28 Ohio St. 596; Hardin v. Hardin, 38 Tex. 516), unless the court reserves the right to make such change in the decree (Severn v. Severn, 7 M. C. Ch. 109; Fries v. Fries, 1 McArthur, 291; Lockbridge v. Lockbridge, 3 Dana, 28; Williams v. Williams, 29 Wis. 517), or unless the statute gives the right to the court to make such change (Mitchell v. Mitchell, 20 Kan. 665; Bacon v. Bacon, 33 Wis. 197).

The court cannot proceed by contempt, because the original decree is only a judgment or order for the payment of money, and the law has provided that the enforcement of such a judgment or order is by execution. Rev. Laws, 5280, 5284, 5366; 21 Pac. 954, 1095; Coughlin v. Ehlert, 39 Mo. 285.

The very claim the court is asked to enforce by contempt is set out as a debt. "There shall be no imprisonment for debt, except in cases of fraud, libel or slander." Const. Nev. sec. 14, art. 1; Rev. Laws, 5088. "Alimony decreed to a wife in a divorce or separation * * * is as much a debt of record, until the decree has been

recalled, as any other judgment for money." Barber v. Barber, 16 L. Ed. 226. "Whatever, therefore, the law orders any one to pay, that becomes instantly a debt." Powell v. Oregon R. R. Co., 36 Fed. 726; Granholm v. Sweigle, 57 N. W. 509; Rhodes v. O'Farrell, 2 Nev. 60; 13 Cyc. 393; Conrad v. Everich, 40 Am. St. Rep. 679; Trowbridge v. Spinning, 62 Pac. 125; Lynde v. Lynde, 76 Am. St. Rep. 332; Arrington v. Arrington, 80 Am. St. Rep. 795; Wetmore v. Wetmore, 149 N. Y. 560.

A judgment of alimony has the same force and effect as a judgment at law. Coulter v. Lumpkin, 21 S. E. 461; Sapp v. Wightman, 103 Ill. 150; Tyler v. Tyler, 34 S. W. 898; Dufrene v. Johnson, 82 N. W. 107; Kunze v. Kunze, 59 Am. St. Rep. 857.

*L. D. Summerfield,* for Respondent:

The decree as entered is enforceable by way of contempt. Phillips v. Philips, 180 Pac. 907; Lake v. Bender, 18 Nev. 361; Tiedeman v. Tiedeman, 158 N. Y. Supp. 851, 36 Nev. 494; Powell v. Campbell, 20 Nev. 238, 2 L. R. A. 615; Ex Parte Spencer, 83 Cal. 460; In Re Cave, 26 Wash. 213.

Enforcement of a decree is not a modification of it. A court has power to enforce its decrees at any time. Walker v. Walker, 49 N. E. 664; 14 Cyc. 799; Ruge v. Ruge, 165 Pac. 1063; Lyon v. Lyon, 21 Conn. 184; Andrew v. Andrew, 20 Atl. 817.

There is statutory authority for granting the court continuing power. "Final orders" are within the power of the court to enter in a divorce action. Rev. Laws, 5842. Such a "final order" being lawfully entered, the statute functions continuously with respect to it, and without limitation as to time, whereby "disobedience or resistance to any lawful writ, order, rule, or process issued by the court or judge at chambers" is deemed a contempt and is punishable as such. Rev. Laws, 5394. The almost unanimous weight of authority is against

the proposition that any order for imprisonment made in this hearing would violate the constitutional inhibition against imprisonment for debt. "Nor does the imprisonment of the husband as a result of contempt proceedings violate a constitutional provision against imprisonment for debt." 14 Cyc. 799; Ex Parte Jontsen, 154 Cal. 540; Ex Parte Hall, 125 Ark. 309; Ex Parte Canavan, 17 N. W. 100; Chadwick v. Chadwick, 170 App. Div. 328; Smith v. Smith, 95 S. E. 199. "The decree is not because of an indebtedness, but is on the ground of personal duty." Andrew v. Andrew, 20 Atl. 817. It is not sought to punish petitioner by imprisonment for debt. The punishment is for a refusal to obey a lawful order of court requiring him to perform a personal duty toward respondent, which the court specifically found he could comply with.

While execution is a proper remedy in these cases, it is not exclusive. Under the statutes of this state, and the adjudicated cases under similar statutes, execution is not the exclusive remedy, but only one of the remedies open to the respondent, contempt being another, at her option. Walker v. Walker, supra; 14 Cyc. 799; Ruge v. Ruge, supra; Lyon v. Lyon, supra; Andrew v. Andrew, supra.

By the Court, COLEMAN, C. J.:

This is an original proceeding in habeas corpus.

On September 17, 1913, Ruth Phillips obtained a decree of divorce from the petitioner, and in said decree the court ordered and directed that the petitioner (the defendant in the divorce action) pay to the plaintiff as alimony a fixed sum on the 15th day of each month. On or about the 19th day of November, 1918, contempt proceedings were instituted in the court in which the divorce had been granted, on account of the failure of the petitioner to comply with the decree awarding alimony. A hearing was had in that proceeding, and on December 3, 1918, the court found that the petitioner

had not fully complied with the order directing the payment of alimony, that he was able to make certain payments thereupon and pay in the future a monthly sum on account thereof, and accordingly entered an order that he pay forthwith the sum of $500 and thereafter make certain monthly payments to plaintiff in the action. Failing to comply with the last-mentioned order, plaintiff was, on August 11, 1919, adjudged in contempt of court, and as punishment it was ordered that he be confined in the county jail unless a certain payment were made. Failing to make the payment, a commitment was issued to the sheriff, who took petitioner into custody, from which he seeks to be discharged.

It is the contention of counsel for petitioner that the orders of the court of December 3, 1918, and August 11, 1919, are null and void and of no force or effect. Two reasons are urged in support of the contention: First, because when the final decree of divorce was entered in December, 1918, no right to modify or amend the same having been reserved, the court lost all jurisdiction of the matter; and, second, that by the contempt proceedings it is sought to collect a debt, and that no person can be imprisoned for the nonpayment of a debt, under our constitution.

1. As to the first contention, counsel is in error. The court did not seek, by either the order of December 3 or August 11, to modify its original decree. It merely sought to compel a compliance with that order. There is a wide distinction between modifying a decree and compelling a party to comply with its terms. If we accept the premise of counsel for petitioner—that the orders in question are modifications of the original decree—it would necessarily follow that petitioner would have to be discharged, for we held in Sweeney v. Sweeney, 42 Nev. 431, 179 Pac. 638, that a final decree of divorce cannot be modified, except in certain instances, none of which exists in the instant case.

2. As to the second contention, it may be observed that section 14, article 1, of our constitution provides

that "there shall be no imprisonment for debt," except in certain specified cases. We think it safe in saying that it has been the uniform practice in this state to resort to contempt proceedings where a husband has failed to comply with the decree awarding alimony, when able to do so, and the overwhelming weight of authority is in support of the jurisdiction of the court to so proceed; it being the rule of law that alimony does not constitute a debt within the meaning of that term as used in the constitutional inhibition against imprisonment for debt.

A debt in the sense used in the constitution alludes to an obligation growing out of a business transaction, and not to an obligation arising from the existence of the marital status, such as alimony; nor is alimony given as a judgment. It is a mere allowance for support and maintenance—a duty growing out of the marriage status; a duty which sound public policy sanctions to compel one who is able so to do, possibly as a result of the cooperation (during coverture) of his former wife, to prevent such former wife from becoming a public charge or dependent upon the charity of relatives or friends. "It has frequently been insisted," says Mr. Nelson, "that a decree for alimony is in fact a debt, and therefore payment should be enforced by an attachment for contempt where the constitution prohibits imprisonment for debt. But it is uniformly held, and such is the doctrine, that the decree for alimony is an order of the court to the husband, compelling him to support his wife by paying certain sums, and thus perform a public as well as a marital duty. Such a decree is something more than an ordinary debt or judgment for money. It is a personal order to the husband, similar to an order of the court to one of the officers or to his attorney. The imprisonment is not alone to enforce the payment of money, but to punish the disobedience of the party; and the order is not, therefore, a debt, within the meaning of the constitution." Nelson, Div. & Sep. sec. 939.

The Supreme Court of the United States, in Audubon

v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009, held that neither alimony nor arrears at the time of an adjudication in bankruptcy, nor alimony accruing thereafter, was a debt provable in bankruptcy or barred by the discharge. The same court, in Gompers v. Buck's Stove and Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N.S.) 874, in speaking of such contempt proceedings, said:

"If a defendant. should refuse to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance required by a decree for specific performance, he could be committed until he complied with the order. * * * The order for imprisonment in this class of cases, therefore, is not to vindicate the authority of the law, but is remedial, and is intended to coerce the defendant to do the thing required by the order for the benefit of the complainant. If imprisoned, as aptly said in Re Nevitt, 54 C. C. A. 622, 117 Fed. 451, 'he carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do."

Such is the uniform ruling of the courts of the country, and numerous authorities may be found to sustain the rule in the following books: 14 Cyc. 799; 1 R. C. L. p. 960, and 7 Ency. Law (2d ed.) 41.

The cases of Segear v. Segear, 23 Neb. 306, 36 N. W. 536, and Coughlin v. Ehlert, 39 Mo. 285, are not in conflict with the rule we have declared. Those decisions are based upon the statute of the particular state. Neither of them undertakes to repudiate the general rule which we have invoked, nor alludes to it. So far as appears from those decisions, but for the statute of Nebraska and of Missouri, the courts of those states would be in harmony with the general rule enunciated.

3. It is urged that the trial court had no authority to allow the plaintiff alimony in the divorce action, and hence there was no jurisdiction in the court to punish for contempt. The courts of this state have for years

construed our statute as conferring such right (Phillips v. Phillips, 42 Nev. 460, 180 Pac. 907) ; and, even if we were convinced that such construction is not the correct one, we would not feel justified at this time in laying down a contrary rule.   This determination is amply justified, for the reason that, had there been dissatisfaction with the prevailing construction, the legislature would long ago have amended our statute so as to remove all doubt as to the legislative intent.

Certain matters that have transpired during the pendency of this proceeding have been called to our attention, but, as they are not jurisdictional, they cannot be considered on this hearing.

For the reasons given, it is ordered that the proceedings be dismissed, and the petitioner remanded.