In re the MARRIAGE OF Linda S. LENGER and Joseph J. Lenger.

Upon the Petition of Linda S. Lenger, Appellant, And Concerning Joseph J. Lenger, Appellee.

No. 69550.

Supreme Court of Iowa.

July 20, 1983.

Barry S. Kaplan of Fairall, Fairall, Kaplan & Condon, Marshalltown, for appellant.

Steven W. Guiter of Johnston & Hicks, Knoxville, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and WOLLE, JJ.

HARRIS, Justice.

Iowa statutes provide for contempt proceedings as a means of enforcing the provisions of dissolution of marriage decrees. The trial court held it was unconstitutional, on the basis of art. I, § 19 of the Iowa Constitution (imprisonment for debt) to use contempt proceedings as a means to enforce a provision for property division. This contempt proceeding, brought by the wife, was accordingly dismissed. We think such a use of contempt power is constitutional. On the wife's appeal we reverse the trial court and remand the case for further proceedings.

Under the dissolution decree filed in 1981 the husband was awarded substantial farm, real, and personal property. As her share of the property division the wife was awarded an automobile and $55,000 in cash, payable in installments. According to the citation, the husband, although capable of doing so, has paid no part of the property settlement and should be found in contempt for his failure. The sole question presented is whether the trial court properly dismissed the proceedings as violative of art. I, § 19 of the Iowa Constitution.

The parties cite the following statutes:

If any party against whom any temporary order or final decree has been entered shall willfully disobey the same, or secrete his property, he may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense.

Iowa Code § 598.23 (1981).

Nothing in this chapter shall prohibit the party entitled to support payments, or an interested party from initiating contempt proceedings on his own motion. If the defaulting party is found to be in contempt, the costs of such proceedings, including attorney's fees for the party initiating the proceedings in an amount

deemed reasonable by the court, shall be taxed against such party.

Iowa Code § 598.24 (1981)

Judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execution. Obedience to those requiring the performance of any other act is to be coerced by attachment as for a contempt.

Iowa Code § 626.1 (1981)

The following acts or omissions are contempts, and are punishable as such by any of the courts of this state, or by any judicial officer, including judicial magistrates, acting in the discharge of an official duty, as hereinafter provided:

. . . .

3. Illegal resistance to any order or process made or issued by it.

Iowa Code § 665.2 (1981).

The wife believes a property settlement incorporated in a dissolution decree "is more than just a debt. It is a court order which takes into consideration all the sections of Iowa Code ch. 598 [dissolution of marriage]." The husband thinks property settlement provisions differ from alimony and child support provisions in that the latter can be modified upon a change of circumstances. A property settlement, he urges, "is more like a contract, expressed or implied, and should be treated as such." Contempt proceedings are not available to collect ordinary money judgments by reason of art. I, § 19 of the Iowa Constitution which provides: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in case of fraud; and no person shall be imprisoned for a militia fine in time of peace."

We have long recognized contempt proceedings as an effective and proper means of enforcing specific provisions of a dissolution decree. In *Callenius v. Blair,* 309 N.W.2d 415, 418–19 (Iowa 1981), we affirmed the trial court's use of its contempt powers to enforce visitation rights, child support, and alimony provisions of a dissolution decree. In two other cases we held art. I, § 19 of the Iowa Constitution is not offended by contempt proceedings used to enforce alimony or child support provisions of such a decree. *See Roach v. Oliver,* 215 Iowa 800, 806, 244 N.W. 899, 902 (1932) (child support); *Roberts v. Fuller,* 210 Iowa 956, 967, 229 N.W. 163, 167–68 (1930) (alimony). Under these cases neither child support nor alimony was a "debt" within the meaning of the constitutional prohibition of imprisonment for debt.

In *Lutz v. Darbyshire,* 297 N.W.2d 349, 352 (Iowa 1980), the wife was found by the trial court to be in contempt for failure to comply with the dissolution decree directing her, among other things, to either sell the residence or buy out her husband's share. We noted that "[t]he power of a court to impose sanctions for failure to abide by its orders is 'essential to the efficient discharge of judicial functions.' " *Id.* Hence we found that the wife's appeal to this court did not deprive the district court of jurisdiction to punish for contempt.

In *Crary v. Curtis,* 199 N.W.2d 319, 321–22 (Iowa 1972), the husband was held in contempt for failing to deliver certain items of personal property, to permit a two-week summer visitation, and to pay a $3000 property settlement installment. On appeal we disapproved the trial court's "preponderance of the evidence" standard for proving contempt. Rather we required a showing by clear, satisfactory, and convincing evidence. *Id.* at 322. Under the higher standard the husband was not in contempt but we did not suggest contempt was unavailable.

The husband can point to *DeKlotz v. Ford,* 332 N.W.2d 110, 113 (Iowa App.1982). The court of appeals concluded that property division has no reasonable relationship to support of a spouse or child and hence was outside the ambit of sections 598.23 and .24. In view of our cases cited above we disapprove the holding in *DeKlotz.*

On the constitutional question presented here a split of authority has developed in other jurisdictions. *See* 24 Am.Jur.2d, *Divorce and Separation,* § 944 at 1078 (1966); 27B C.J.S. *Divorce* § 300(3) at 380–83

(1959). For our part we continue in a view we quoted with approval in 1930: "A debt, in the sense used in the constitution, alludes to an obligation growing out of a business transaction, and not to an obligation arising from the existence of the marital status, .... The imprisonment is not alone to enforce the payment of money, but to punish the disobedience of [a] party; and the order is not, therefore, a debt, within the meaning of the constitution." *Roberts v. Fuller,* 210 Iowa at 965, 229 N.W. at 167, quoting *In re Phillips,* 43 Nev. 368, 373, 187 P. 311, 312 (1920).

A dissolution decree, in addition to being a judgment, is a court order. Contempt proceedings are available to enforce property settlements in dissolution decrees.

REVERSED AND REMANDED.