**Dennis S. CLARK, Plaintiff,**

v.

**Judge Luther T. GLANTON and the Iowa District Court In and For Polk County, Defendants.**

No. 84–770.

Court of Appeals of Iowa.

April 30, 1985.

Dennis S. Clark, Iowa City, pro se.

Leo L. Finkelstein, Des Moines, for respondent.

Heard by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Dennis and Barbara Clark were granted a dissolution on June 5, 1981. The decree ordered that Dennis be awarded certain property, including the family home, and the debts of the parties, including a debt to the Allans, Barbara's parents. The decree did not specify the amount of the debt or time for repayment. The debt presumably related to expenses incurred in purchasing and improving the family home. Barbara's interest in the home was to be paid at the time of its sale or by December 1, 1981. Barbara subsequently contended that this payment schedule also applied to the Allan debt. Dennis contested the amount of the debt owed to the Allans and refused to pay until the dispute was settled.

In 1982, Barbara brought a contempt action against Dennis for failure to pay the debt to her parents. Judge Lavorato dismissed the application holding the order in

the decree was a "hold harmless clause"[1] and not an order to pay a debt. He also found that no specific time for repayment had been ordered. Thus, to find Dennis in contempt for failure to pay a contested debt without an opportunity to litigate would violate his due process rights.

On March 9, 1984, Barbara again filed an application to find Dennis in contempt. Dennis' motion to dismiss based on res judicata was denied. At hearing on the contempt, Judge Luther T. Glanton, Jr., overruled the previous order by Judge Lavorato and found Dennis in contempt. He was given 90 days to purge his contempt and, in the meantime, filed a Writ of Certiorari.

Our review is to determine if the trial court acted illegally or otherwise exceeded its jurisdiction. Iowa R.Cov.P. 306.

Dennis contends that dismissal of the contempt action was in order because the same issue had been adjudicated in a prior action and relitigation was barred by the doctrines of issue preclusion and res judicata.

■ Issue preclusion prevents parties from relitigating issues which have already been raised and decided. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). Before the doctrine may be employed, four requirements must be met:

(1) The issue concluded must be identical.

(2) The issue must have been raised and litigated in the prior action.

(3) The issue must have been material and relevant to the disposition of the prior action, and

(4) The determination made of the issue in the prior action must have been necessary and essential to be resulting judgment.

*In the Matter of Evans*, 267 N.W.2d 48, 51 (Iowa 1978).

■ In this case, it is unnecessary to discuss these requirements other than to say that the 1984 contempt action is identical to the 1982 contempt action. The issues were fully litigated in 1982.

■ Res judicata is also based on the premise that matters once decided should not be relitigated, thus leading to a finality of decision. *In Re Marriage of Kurtz*, 199 N.W.2d 312, 315 (Iowa 1972). The test is whether the same evidence will maintain the former and present action. *Id.* Barbara argues that this action is not barred because the issue of time is different. In the first contempt proceeding, Barbara contends, the judge could have determined that a reasonable time had not elapsed to allow Dennis to pay the debt. The second and present contempt action was brought two years later. A reasonable time had elapsed and therefore Dennis should be found in contempt for his nonpayment. We determine that time was not an issue in either contempt action, other than as evidence of the nonspecificity in the dissolution decree. Dennis merely contended in both the prior and present actions that he has certain legal defenses to the Allan debt. The original dissolution action, to which the Allans were not a party, was not the proper forum to contest the debt. To later find Dennis in contempt and deny him his day in court to litigate would violate his due process rights, as Judge Lavorato found.

Judge Glanton based his reconsideration and contempt ruling on the holding of *In Re Lenger*, 336 N.W.2d 191 (Iowa 1983). *Lenger*, decided after the 1982 contempt action, determined that enforcement of dissolution property settlements did not vio-

---

1. Pertinent portions of the dissolution decree ordered:

Respondent shall be solely responsible for the principal and interest mortgage payments, taxes, utilities, and insurance payments and shall hold Petitioner harmless for any indebtedness relating to said property [referring to family home].

\* \* \* \* \* \*

Respondent be and is hereby awarded the following case, personal property and indebtedness of the parties as follows:

\* \* \* \* \* \*

(2) The debts of the parties, including the debt to the Allans if not paid from the sale of real estate.

late state constitutional provisions prohibiting imprisonment for debt. *Id. Lenger* also disapproved the holding in *DeKlotz v. Ford,* 332 N.W.2d 110 (Iowa Ct.App.1982), that property division had no relationship to the support of a spouse and child. *Lenger,* 336 N.W.2d at 191. Whether *Lenger* effectively overrules the entire holding of *DeKlotz* and allows the use of contempt proceedings to collect a debt owed to a third party, we need not determine at this time. Res judicata and issue preclusion bar this second contempt action without considering *Lenger.* Barbara Clark is also denied her request for interest on the debt and for attorney fees.

The trial court acted illegally in finding Dennis Clark in contempt and in awarding interest and attorney fees. No attorney fees are allowed on this appeal.

WRIT SUSTAINED.