**James H. HARRISON,**
**Plaintiff–Appellant,**

v.

**STATE BANK OF BUSSEY,**
**Defendant–Appellee.**

No. 87–1038.

Court of Appeals of Iowa.

Feb. 23, 1989.

Marvin V. Colton of Colton Law Office, Albia, for plaintiff-appellant.

David A. Johnson of Johnson, Lane & Vogel, Knoxville, for defendant-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff, James Harrison, appeals the district court's order overruling his motion for summary judgment and sustaining the defendant's same motion. He contends the district court erred in this regard. We affirm.

The plaintiff and his parents, George and Mary Harrison, were joint owners of a $50,000 certificate of deposit purchased on February 19, 1981, at the offices of the defendant, State Bank of Bussey. George Harrison requested the defendant bank issue a duplicate certificate because the original was lost. He also asked that the plaintiff's name be deleted from the face of the duplicate certificate.

The bank obliged and issued the duplicate as the elder Mr. Harrison requested. George Harrison subsequently cashed the duplicate certificate and reinvested the proceeds in other certificates of deposit. When he did so, the plaintiff was not named as a joint owner. Both Mr. and Mrs. Harrison are now deceased.

The plaintiff, in July 1985, filed an action (Cause No. 22224) against the bank and executors of his parents' estates alleging that he was legally entitled to the proceeds of the second set of CD's because they were derived from funds of the original CD, and that he, as joint owner, was harmed because his name was deleted on the substitute. The bank filed a motion for summary judgment. The plaintiff did not appear in order to contest this motion. The district court granted the defendant's motion and entered judgment accordingly.

The plaintiff in December of 1986 filed the present action alleging again against the bank that it was liable to him for the proceeds from the original CD. He claims under a theory of contract that as a joint tenant he is due the proceeds because his name was deleted from the face of the duplicate without his permission.

Both the plaintiff and defendant filed a motion for summary judgment in this second case. The trial court found the defendant was entitled to judgment as a matter of law because, among other conclusions, the plaintiff's claim in this second suit was barred under the theory of res judicata.

On appeal, the plaintiff reiterates his claim to the proceeds under his contractual theory; the defendant asserts the court did not err in applying the theory of res judicata. Both parties agree there are no material facts in dispute.

When reviewing a judgment entered by the district court sustaining a motion for summary judgment, we review on errors at law. Iowa R.App.P. 4. We are not bound by the trial court's determinations of law. *Raymon v. Norwest Bank of Marion*, 414 N.W.2d 661, 663 (Iowa App.1987). Since the facts are not in dispute, we need only decide whether the law was correctly applied. *Id.*

We find no error in the trial court's opinion granting summary judgment to the defendant and overruling the plaintiff's similar motion and dismissing his petition. We conclude the plaintiff is barred from proceeding in this suit under the doctrine of res judicata.

Res judicata takes on two forms, claim preclusion and issue preclusion. Res judicata in its meaning as claim preclusion is a bar to further litigating a claim, while res judicata in its meaning as issue preclusion is a bar to further litigation of a specific issue. *See Goolsby v. Derby*, 189 N.W.2d 909, 913 (Iowa 1971).

## CLAIM PRECLUSION

■ "Res judicata in the sense of claim preclusion exists when the litigant has brought an action, an adjudication has occurred, and he is foreclosed from further litigation on the claim." *Vestal*, Preclusion/Res Judicata Variables: Parties, 50 Iowa L.R. 27, (1964). It is based on the principle that a party may not split or try

his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. *Swisher & Cohrt v. Yardarm, Inc.*, 236 N.W.2d 297, 299 (Iowa 1975).

As the Iowa Supreme Court stated in *B & B Asphalt Company v. T.S. McShane Company*, 242 N.W.2d 279, 286 (Iowa 1976):

> An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions. *Warnecke v. Foley*, 234 Iowa 348, 350, 11 N.W.2d 457, 458 (1943) and citation.

The doctrine of claim preclusion is further clarified by the following statement taken from the Restatement of Judgments, section 63:

> Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action, except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting such other grounds in the original action.

We must now determine whether plaintiff's first and second actions were the same claim or cause of action within the meaning of claim preclusion. For the reasons hereafter set forth, we answer this in the affirmative.

Before proceeding with our reasoning, we note the following from *Williamson v. Columbia Gas & Electric Company*, 186 F.2d 464, 470 (3rd Cir.1950), *cert. denied*, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951) (which was cited with approval in *B & B Asphalt*, at 286 & 287):

> The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not.

*Williamson*, at 470.

Our supreme Court has stated that identity of cause of action is established when the same evidence will maintain both causes of action. *Id.* at 287. Here, the same evidence would be probative in both actions.

It is clear that both causes of action arise from the same circumstance and depend on evidence of the same events. Plaintiff in his first petition essentially claims that since he was named as a joint owner in the original certificate, he, as the sole surviving joint tenant, has a "legal right" to a sum of money equal to the proceeds under that certificate. In this respect, he asserts he is entitled to the funds for the defendant bank issued the duplicate certificate which omitted his name as a joint owner without his authority and consent.

In his second petition, the plaintiff claims judgment against the bank on the contractual theory that the bank by virtue of the wordage in the certificate has an obligation to pay plaintiff the proceeds for he is the sole surviving joint tenant.

Claim preclusion is clearly applicable here. In his second action, plaintiff seeks a second day in court on the same claim he made in the first action. The plaintiff alleges that res judicata should not apply for the second claim is based on the contractual obligation which was not a part of his first claim. We do not agree for the reasons set forth under the heading of "Issue Preclusion." But, assuming arguendo, that there is merit in this contention, it is still without dispute that both actions stem from the same claim with the only difference resting in the terminology used in advancing the theories of recovery.

The plaintiff could have advanced both theories in the first action. He is accord-

ingly barred by the defense of claim preclusion from seeking to do so in this second action. We affirm the trial court.

Although we believe this appeal is dispositive under claim preclusion, since both parties argue the legal effect of issue preclusion in their briefs, we will discuss it here.

## ISSUE PRECLUSION

Res judicata in its meaning as issue preclusion applies when a party attempts to relitigate an issue which has already been raised and decided in a prior action. *Clark v. Glanton*, 370 N.W.2d 606, 608 (Iowa App.1985); *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). As stated in the Restatement (2d) of Judgments, section 68 (tentative draft # 4, 1977), cited with approval in *Hunter*):

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim.

*Hunter*, 300 N.W.2d at 123.

The doctrine of issue preclusion applies when:

1. The issue concluded is identical;
2. The issue was raised and litigated in the prior action;
3. The issue was material and relevant to the disposition of the prior action; and
4. The determination of the issue in the prior action was necessary and essential to the resulting judgment.

*Clark v. Glanton*, 370 N.W.2d 606, 608 (Iowa App.1985).

The doctrine of issue preclusion may be utilized in either a defensive or an affirmative manner.

> The phrase "defensive use" of the doctrine of collateral estoppel is used here to mean that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense.
>
> On the other hand, the phrase "offensive use" or "affirmative use" of the doctrine is used to mean that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim.
>
> In other words, defensively a judgment is used as a "shield" and offensively as a "sword."

*Hunter*, at 123.

Thus, if the four prerequisites set forth above are established, issue preclusion applies. In addition, the supreme court has modified the traditional requirement of privity where the doctrine is invoked in a defensive manner. *Id.* Issue preclusion may properly be applied in a defensive manner as between nonmutual parties "where the four requisites delineated above are satisfied and where the party against whom the doctrine is invoked defensively 'was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution.'" *Id.*

It is also the settled law in our state that the "offensive application of the doctrine of issue preclusion should not invariably be precluded where mutuality of parties is lacking." *Id.* at 125. The supreme court in *Hunter* adopted as their own the position taken by the Restatement (2d) of Judgments, section 88, with respect to the use of issue preclusion in this context. *Id.*

In this respect, we note that before issue preclusion can be properly applied offensively, in addition to satisfying the four requisites aforesaid, two additional questions must be answered. (1) Where mutuality is lacking, whether the party in the second action was afforded a full and fair opportunity to litigate the issue in the first action, and (2) whether any other circumstances are present which would justify granting the party occasion to relitigate those issues. Restatement (2d) of Judgment, § 88 (tent. draft Nov. 2, 1975).

The Restatement of Judgments at the section just cited sets forth seven circumstances which may preclude the offensive use of issue preclusion. *Id.* For instance in *Hunter*, its offensive use was precluded because the party seeking its use could have effected joinder in the first action between himself and his present adversary. *Hunter*, at 126.

We of course are not here concerned with whether issue preclusion is being used "offensively" or "defensively." We do not have a mutuality or privity problem.

We need only focus our concern on whether the four requisites have been satisfied. We find that they have.

■ In both cases, the plaintiff claimed a legal right to the proceeds of the certificates of deposit. That question was raised and litigated in the prior action and was central to disposition of the case; its determination was necessary to the trial court's order granting summary judgment in the prior action.

The plaintiff sought judgment in his first action based on the allegation of a "legal right" to the funds because of the wording of the certificate. In this second action, he seeks recovery based on the contractual wording of the certificate. When the first petition is read in its entirety, it is clear that the legal right referred to is the same as the contractual right alleged in the second petition. Accordingly, we affirm the trial court also on the legal theory of issue preclusion.

We affirm the decision of the trial court sustaining the defendant's motion for summary judgment and overruling the plaintiff's similar motion.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I concur in the result only.