Howard KING and June King, Appellants,

v.

Royce KING, also known as Royce V. King, and Judith A. King, Appellees.

No. 61972.

Supreme Court of Iowa.

April 23, 1980.

Rehearing Denied June 16, 1980.

Edward W. Dailey Law Offices, P. C., Burlington, for appellants.

James M. Adams of Hirsch, Link, Adams, Hoth & Krekel, Burlington, for appellees.

Considered by HARRIS, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

HARRIS, Justice.

This is a family dispute over the ownership of a small farm in Des Moines County, Iowa. The question is whether title was held in trust for the parents of one of the record title holders. The trial court held it was not. On appeal the court of appeals, three to two, reversed the judgment of the trial court. On further review we vacate the judgment of the court of appeals and affirm the trial court.

Plaintiffs, Howard and June King, are husband and wife and the parents of the defendant Royce King. In 1949 they purchased the farm in question with the aid of a mortgage. There is evidence that Howard King has suffered recurring mental or emotional difficulties for many years and that he may have been in a depressed state around the time of the conveyances in January 1967. Sometimes, at least, he shows poor judgment in financial matters.

In 1966, with the purchase mortgage still in part outstanding, Howard incurred a substantial second mortgage in order to invest in an oil venture. As they often do, the oil venture went awry and Howard and June were left heavily in debt and unable to obtain further financing. On January 20, 1967, with the encouragement of an officer of the institution holding the first mortgage, Howard and June transferred the farm to June's father, Orrin Bailey, who paid them only $1 but agreed to assume the indebtedness of the farm. On the same day Bailey mortgaged the farm and paid the debts of Howard and June. Bailey told Howard and June that all income from the farm would be applied to pay the debt and that Howard and June would receive no income from the farm until the debt was paid. Bailey made no clear statement regarding what would happen when the debt was paid.

Three days later Bailey conveyed the farm to the defendant Royce King. The deed conveyed title in fee simple absolute.

Royce did not make any payment for the farm but did agree to provide a rent-free home for his parents for the rest of their lives and to assume the mortgage debt incurred by Orrin Bailey.

The market value of the farm in January 1967 was $42,000. The mortgage executed by Bailey at the time he took title was in the amount of $20,000. Sometime after these transfers Orrin Bailey died. Royce and his wife Judith have permitted Howard and June to reside free of rent in a house on the farm since 1967 and have paid off the mortgage. During all the subsequent period Royce and his wife have conducted a farming operation on the land which resulted in a net loss. They have subdivided a portion of the farm and have also erected their own personal residence on the farm.

Once the mortgage was paid off Howard and June began to request that title to the portions of the farm not previously subdivided be transferred back to them. Royce and Judith refused to do so. This suit is the result. It alleges that Royce and Judith held title only in trust for the benefit of Howard and June.

Evidence offered by Royce and Judith at trial included a letter written by June sometime after commencement of this action. In this letter June discussed the family quarrel at some length and said: "I wanted Royce to inherit the land anyway [except for the farmhouse, which she wanted another son to inherit] so to save inheritance taxes it was economically feasible to keep the deed in Royce's name. But I feel that I have a share in the income."

At the close of plaintiffs' evidence the trial court sustained defendants' motion to dismiss on the grounds the plaintiffs had not met their burden to prove existence of a trust. The trial court stated there was no evidence that Royce had been in a position to exercise trust and confidence over his parents in order to benefit himself. The trial court felt that Orrin Bailey had enjoyed the trust and confidence of Howard and June but found no evidence that Bailey exercised this influence for his own benefit.

I. We feel obliged to note again that we disapprove of the practice of moving for or, ordinarily, sustaining a motion to dismiss in an equity case.

> We have pointed out that the practice of moving to dismiss an equity case at the close of plaintiff's evidence is not to be commended and is perilous procedure. If a defendant obtains a favorable ruling on his motion he precludes himself from offering testimony and may be defeated upon appeal because he did not produce the evidence which would have saved him. [Authorities.]

*Amdor v. Cooney,* 241 Iowa 777, 779, 43 N.W.2d 136, 138 (1950).

It is ordinarily in the interests of the parties, of the trial court, and of the appellate court for equity cases to be decided on their merits, at the close of all evidence. The additional time, effort, and expense invested in completing the trial is more than justified. It greatly reduces the likelihood of a retrial.

II. Nevertheless our review here is de novo under Iowa R.App.P. 4 because involuntary dismissal of the action operates as an adjudication on the merits. Iowa R.Civ.P. 217; *Employers Mutual Casualty Company v. Hanshaw,* 176 N.W.2d 653, 656 (Iowa 1970); *Amdor,* 241 Iowa at 779, 43 N.W.2d at 138; *Coen & Conway v. Scott County Savings Bank,* 205 Iowa 483, 486–87, 218 N.W. 325, 326–27 (1928). We give weight to the findings of fact of the trial court but are not bound by them. Iowa R.App.P. 14(f)(7). In civil cases generally the burden of proof is measured by the test of preponderance of the evidence. Iowa R.App.P. 14(f)(6).

This case falls under two exceptions, however, which call for a stricter standard of proof. First, under Iowa R.App.P. 14(f)(12) this deed, a written instrument affecting real estate, can be set aside only upon evidence that is clear, satisfactory, and convincing. *McCarter v. Uban,* 166 N.W.2d 910, 912 (Iowa 1969). Secondly, plaintiffs' theory of recovery, as will be explained, proceeds from a claim of the existence of a confidential relationship.

Plaintiffs' burden to show the existence of that relationship must also be proved in a clear and convincing manner. *Kunz v. Kunz,* 255 Iowa 1087, 1089, 1096, 125 N.W.2d 226, 228, 232 (1963); *Barber v. Powell,* 248 Iowa 785, 792, 82 N.W.2d 665, 669 (1957); *Groves v. Groves,* 248 Iowa 682, 692, 82 N.W.2d 124, 130 (1957); *Else v. Fremont Methodist Church,* 247 Iowa 127, 140, 73 N.W.2d 50, 57 (1955).

Clear and convincing evidence is a standard that lies somewhere between a preponderance of evidence and evidence beyond a reasonable doubt. *State v. Bartz,* 224 N.W.2d 632, 638 (Iowa 1974); *In re Henderson,* 199 N.W.2d 111, 121 (Iowa 1972); 30 Am.Jur.2d, Evidence, § 1167; 32A C.J.S. Evidence § 1023b.

Plaintiffs' desire to show the existence of a confidential relationship is certainly understandable. We have said:

> [W]here a confidential relationship exists between a grantor and a grantee, a presumption against the validity of the conveyance arises, and the burden of upholding the same, as to its fairness, rests upon the grantee. Proof offered to overcome this presumption, to be sufficient, must be clear and convincing.

*Daniels v. Fackler,* 244 Iowa 1163, 1165, 58 N.W.2d 309, 311 (1953).

We believe that the plaintiffs have not shown by the clear evidence required that the confidential relationships existed. This is certainly true as to Royce and Judith, the present defendants. And, on a somewhat closer call, we also find plaintiffs failed by the required standard to show such a relationship with Bailey. On the contrary the challenged transaction appears to have been undertaken at the suggestion of the officer of the lending institution. It was precipitated by the financial plight of the plaintiffs themselves. It clearly did not stem from any confidential relationships.

In any event we find the whole transaction was, under the circumstances, eminently fair to the plaintiffs. They realized from it all that they initially hoped for. They have had the use of a home during all of

their lives. The property is not particularly income-producing. Although it has increased in value and the defendants have profited somewhat as a result, the rising market value of Iowa realty is known only by way of hindsight.

Plaintiffs' claims that they were unaware the farm would go to Royce are unconvincing. This is shown by the fact the plaintiffs waited many years after Bailey's death and until after the mortgage was fully repaid before claiming any beneficial interest in the farm. We adopt as our own the observation expressed in the dissenting opinion in the court of appeals:

Because of the relationship which exists between the parties, the fact that plaintiffs, at the time they conveyed the farm, did not receive the value of their equity therein, is of far less significance than if the transaction were between strangers. . . . The transaction, as thus characterized, is not unfair and is supported by adequate consideration. [We] find from the evidence that the challenged transactions were fully consented to by plaintiffs. The fact that plaintiff Howard King is alleged to have been emotionally unstable at the time of the transaction only serves to strengthen [these] conclusions. . . . It furnishes an explanation for placing both the farm and the obligation to pay for it in Royce and to remove such burdens from the plaintiffs.

In summary we find that the plaintiffs failed to establish their claim by the clear and convincing evidence required for them to prevail.

The judgment of the court of appeals is vacated and the judgment of the trial court is affirmed.

AFFIRMED.