ACKLEY STATE BANK, Appellant,

v.

Clarence D. HAUPT, Appellee.

No. 89–437.

Supreme Court of Iowa.

Feb. 21, 1990.

Rehearing Denied March 21, 1990.

Michael M. Pedersen of Martin, Nutting, Miller, Keith, Pedersen & Scully, Waterloo, for appellant.

Patrick W. Brooks of Brooks, Ward & Trout, Marshalltown, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

A bank is attempting to collect on a loan it made to a dairy farmer. The farmer claims the obligation was discharged in bankruptcy. The bank in turn suggests compelling reasons why the discharge in bankruptcy did not bar recovery. The question is whether, as the trial court held, the bank is contending against the bankruptcy discharge in the wrong forum. We affirm.

Defendant, Clarence D. Haupt, signed a note for $95,104 to the Ackley State Bank on January 15, 1986. The note was due on July 15, 1986. It was secured by a security interest in Haupt's inventory, farm products, livestock, farm machinery, and other items. The security interest was properly perfected in January of 1986. On December 22, 1986, the note was extended to February 1, 1987. Haupt made payments for approximately one year. On February 9, 1987, the balance was $52,416.

In March of 1986 Haupt entered a contract to participate in the federal dairy termination program (DTP). As a result Haupt sold his dairy herd in December of 1986. In January 1987 Haupt received a government check for $41,767.44. Haupt paid several creditors and purchased a life insurance policy from the proceeds of the government check. He did not pay any proceeds to the Ackley State Bank.

In March of 1987 Haupt filed for bankruptcy. In June 1987 the bank filed a complaint in bankruptcy court, requesting that the promissory note not be accepted for discharge. The bank claimed Haupt's failure to provide them the government check constituted a willful and malicious injury to the bank's property under 11 U.S.C. section 523(a)(6) (1987).

In September 1988 the bankruptcy court rejected the bank's claim and discharged the debt. There is considerable dispute about the exact findings of the bankruptcy court. The bank did not appeal from the bankruptcy decision. Instead, the bank brought this action in state court.

This action seeks a judgment declaring that the bank had a security interest in Haupt's DTP payments. Haupt moved for summary judgment, contending the bank held no security interest in the DTP proceeds, and that the bankruptcy court holding to that effect was res judicata. The trial court sustained the motion and the bank appeals.

■ I. The purpose of issue preclusion is to limit successive litigation where there is identity of the parties and claims or issues. *Brosamle v. Mapco Gas Prod. Inc.*, 427 N.W.2d 473 (Iowa 1988). The four elements of issue preclusion are: (1) the issue concluded must be identical in the two actions; (2) the issue must be raised and litigated in the prior action; (3) the issue must be material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must be necessary and essential to the judgment. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

■ The bankruptcy court noted that the standard of proof for establishing dischargeability in these proceedings was by "clear and convincing evidence." *See In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987). The standard burden for civil matters in our courts is by a preponderance of the evidence. Iowa R.App.P. 14(f)(6). The bank is quick to point out the difference in the two standards. *See* Restatement (Second) of Judgments § 28, comment f (1982). "Clear and convincing evidence is a standard which is less than beyond a reasonable doubt, but which is more than a preponderance of the evidence." *King v. King*, 291 N.W.2d 22, 24 (Iowa 1980). The bank thus contends that any finding by the bankruptcy court that the security agree-

ment failed to accord the bank a security interest in the check would not preclude the bank from relitigating the issue.

The trial court determined that the bank is precluded from raising here a fundamental issue which it litigated and lost in the bankruptcy court. The court did not view this as an issue on which the bank bore the heavier burden, but a more fundamental issue upon which the bank faced a lighter burden.

The question is somewhat clouded because the bankruptcy court did indeed, as mentioned, point out that clear and convincing evidence would be required for the bank to prevail on its claim that Haupt's fraud and malice should prevent discharge of his obligation to the bank. It was appropriate for the bankruptcy court to point out this burden because the bank did take the position that Haupt was guilty of fraud and malice in his conduct after receiving the DTP check. But the bankruptcy court did not actually reach the fraud and malice question. The court's discharge of the bank's obligation did not rest on any finding concerning Haupt's malice or fraud. Rather the bankruptcy court found there was no security agreement which would cover dairy termination payments.

We agree with the trial court that, before approaching the issue whether Haupt was guilty of fraud and malice, the bank lost in bankruptcy court on this threshold question. *See In re Mills,* 841 F.2d 902, 903 (9th Cir.1988). The burden of proof on that threshold question was by a preponderance of the evidence. *In re Bradford,* 22 B.R. 899, 901 (W.D.Okla.1982). The bank could have sought, but chose not to seek, review of the bankruptcy court's determination through the federal courts. When it did not do so it was left with an adjudication that the security agreement did not cover DTP payments.

This adverse adjudication, which precluded the bank's recovery in bankruptcy court, also precludes it here. The bank cannot lose on the question in federal court and relitigate the same question in our courts.

*See Brown v. Monticello State Bank of Monticello,* 360 N.W.2d 81, 84 (Iowa 1984).

AFFIRMED.