**Jeff RENANDER, Appellant,**

v.

**INC., LIMITED, d/b/a The Sanctuary, and Four Unknown Employees, Appellees.**

**No. 92–457.**

Supreme Court of Iowa.

May 19, 1993.

Theodore F. Sporer, Des Moines, for appellant.

Clemens Erdahl, Iowa City, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Plaintiff Jeff Renander appeals the district court's ruling sustaining defendant Inc., Limited's motion to dismiss Renander's petition under Iowa Rule of Civil Procedure 104(b) for failure to state a claim. We affirm.

I. *Background facts and proceedings.* On October 30, 1990, plaintiff Jeff Renander and four other persons entered The Sanctuary, an Iowa City restaurant and tavern, for dinner. Although four waiters or waitresses were on duty, no one approached Renander's party to begin serving them.

After awhile, Renander asked a waiter why his party was not being served. The waiter allegedly replied that Renander's party would not be served because of Renander's statements on a previous occasion against homosexuality. Renander's party apparently then left without being served.

Renander filed a petition alleging The Sanctuary and its employees had violated provisions of Iowa's "Hate Crimes" statute, Iowa Code section 729.5 (Supp.1990),[1] by refusing to serve him because of his previous statements against homosexuality. Renander sought compensatory and punitive damages, plus attorney fees, pursuant to section 729.5(5).

The defendant Inc., Limited, the restaurant's corporate owner, filed a motion to dismiss pursuant to Iowa Rule of Civil Procedure 104(b) for failure to state a claim upon which relief could be granted. In that context we regard all facts alleged in plaintiff's petition as being true. Defendant Inc., Limited contends relief could not be granted upon Renander's petition because: 1) Renander is not a member of a protected class specified in section 729.5(1); and 2) Renander failed to establish any violation of a civilly actionable right.

After a hearing on the motion, the district court sustained defendant Inc., Limited's motion to dismiss, ruling that Renander was not "injured" as required by section 729.5(2).

Renander appealed the dismissal.

■ Dismissal under a motion to dismiss is proper only if no state of facts is conceivable under which the plaintiff might show a right of recovery. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.,* 460 N.W.2d 858, 861 (Iowa 1990). A motion to dismiss admits the allegations in the petition and waives any ambiguity or uncertainty in the petition. *Id.* Additionally, the allegations are construed in the light

1. Iowa Code section 729.5 appears in a substantially changed manner in the 1993 Iowa Code and has been recodified at section 729.5 and chapter 729A (1993).

most favorable to the pleader, with doubts resolved in the pleader's favor. *Id.*

■ We do not recommend filing or sustaining a motion to dismiss if the viability of a claim is at all debatable. *Cutler v. Klass, Whicher & Mishne,* 473 N.W.2d 178, 181 (Iowa 1991).

■ Overruling or sustaining a motion to dismiss does not depend upon the trial court's discretion; it must instead rest on legal grounds and is subject to our review. *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977). Moreover, our review is limited: "we cannot sustain such a motion on grounds not asserted in trial court." *Symmonds v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 242 N.W.2d 262, 264 (Iowa 1976).

II. *Viability of plaintiff's claim.* Renander contends his petition stated a civil action claim for injury to the free enjoyment of his right to free speech under the United States and Iowa constitutions. U.S. Const. amends. I & XIV; Iowa Const. art. I, § 9. He agrees his civil action is premised on Iowa Code subsections 729.5(2) and 729.5(5).

Subsection 729.5(2) is a criminal statute. Subsection 729.5(5) allows civil forms of relief to victims of hate crime harm.

Renander concedes on appeal that he is not a member of one of the protected classes under section 729.5(1).[2] However, Renander asserts he was injured under section 729.5(2) because he was denied service at The Sanctuary for exercising his free speech rights regarding his views on homosexuality on a previous occasion.

■ A. We first consider whether Renander was "injured" as contemplated under section 729.5(2).

The relevant portions of section 729.5(2) state:

A person, who acts ... to *injure,* oppress, threaten, or intimidate or interfere with any citizen in the free exercise or enjoyment of any right or privilege se- cured to that person by the constitution or laws of the state of Iowa or by the constitution or laws of the United States, and assembles with one or more persons for the purpose of teaching or being instructed in any technique or means capable of causing property damage, bodily injury or death ... is on conviction, guilty of a class "D" felony.

A person intimidates or interferes with another person if the act of the person results in any of the following:

a. Physical injury to the other person.

b. Physical damage to or destruction of the other person's property.

c. Communication in a manner, or action in a manner, intended to result in either of the following:

(1) To place the other person in fear of physical contact which will be injurious, insulting, or offensive, coupled with apparent ability to execute the act.

(2) To place the other person in fear of harm to the other person's property, or harm to the person or property of a third person.

(Emphasis added.)

Renander does not assert on appeal in an assignment of error that he was oppressed or threatened under section 729.5(2) and it does not appear that he was. The defendant restaurant's attendants did not even speak to Renander except when they explained why he was not served. Neither does Renander argue he was intimidated or interfered with. Instead, he argues he was injured. Therefore, we need only consider whether Renander was "injured" under this section.

■ Upon careful examination of subsection 729.5(2), we conclude that, to support a claim, the personal injuries or property damage must be physical in nature. Several reasons support our conclusion.

First, section 729.5(1) states the legislative purpose for the Hate Crimes Act. We note that section 729.5(1) only specifies the right to be free from *violence* or the threat

---

**2.** Section 729.5(1) states a person has the right to be free from violence or intimidation by threat of violence because of that person's "race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, or disability."

of violence. The word violence connotes physical force. Additionally, the protected classes listed in section 729.5(1) have a history of violence against them because of their membership in such classes.

Second, subsections 729.5(2)(a) and (b) define intimidation or interference to involve *"physical* injury" to a person or *"physical* damage ... or destruction" to a person's property. (Emphasis added.) Under subsection 729.5(2)(c) communication may be intimidation or interference only if the communication puts a person in fear of injurious *physical* contact or if the communication leads a person to fear harm to his property. We believe the legislature purposely set out definitions for the words intimidate and interfere because they do not necessarily connote physical violence as clearly as do the words injure, oppress, and threaten. We therefore conclude that by defining the words intimidate and interfere to mean physically violent acts, the legislature intended to leave no doubt that all five words of injure, oppress, threaten, intimidate, and interfere in section 729.5(2) are to be equally interpreted as requiring physically violent acts.

Furthermore, section 729.5(2) makes a person who injures, oppresses, threatens, intimidates or interferes with a victim guilty, upon conviction, of a class "D" felony.

Finally, we believe a victim pursuing a claim under section 729.5 must have sustained a physical injury to person or property because otherwise section 729.5 would turn into a general state tort law. The legislature apparently did not intend that every person who in some way had rights violated be able to pursue a claim under this section. Accordingly, it narrowly tailored section 729.5 to increase the deterrent effect on crimes which it finds particularly repugnant, such as violence against protected class members which is motivated by class membership. Broader application would expand the legislature's narrow purpose.

We note that several other states clearly require physical violence or the commission of a physically violent crime against a victim to constitute a violation of their respective hate crime statutes. *See, e.g.,* Cal.Penal Code § 422.6 (1991); D.C.Code § 22–4001 (1990); Fla.Stat.Ann. § 874.02 (1990); Minn.Stat. § 609.2231 (1992); N.J.Rev.Stat. § 2C:12–1.e (1992); N.Y. Penal Law § 240.30 (1992); Okla.Stat. tit. 21, § 850 (1992); Or.Rev.Stat. § 166.155 (1991); Vt. Stat.Ann. tit. 13, § 1455 (1990); Wash.Rev. Code § 9A.36.080 (1989). Some states have specifically held that their hate crime statutes require the victim to be physically injured or threatened to be physically injured. *See, e.g., People v. Joshua H.,* 13 Cal.App.4th 1734, 17 Cal.Rptr.2d 291, —— P.2d —— (1993); *State v. Plowman,* 838 P.2d 558 (Or.1992). The Massachusetts supreme judicial court, whose hate crime statute has been broadly applied, recently stated that the Massachusetts legislature did not intend to create a "vast constitutional tort" in enacting their hate crime statute, Massachusetts General Law chapter 265 section 37 (1986). *Bally v. Northeastern University,* 403 Mass. 713, 532 N.E.2d 49, 52–53 (1989). That court went on to imply that a victim must have suffered a physical injury or physical contact to utilize the Massachusetts hate crime statute. *Id.*

We therefore believe our legislature must have intended that the victim suffer a physical injury to person or property under section 729.5 and not a harm to an intangible right such as free speech. Because Renander has not alleged any physical injury, we agree with the district court that Renander has not alleged a sufficient injury under section 729.5(2) to constitute a claim. Failure to serve plaintiff in a restaurant, although possibly humiliating to Renander, is not conduct that "injured" him under this statute.[3]

B. We next turn to section 729.5(5), which states that a victim suffering harm under this section is entitled to injunctive relief, general and special damages, reasonable attorney fees, and costs. This is the

---

**3.** We need not address the second requirement under section 729.5(2) of "assembling" because

Renander has not proven the first requirement of sustaining an "injury."

section under which Renander requests damages. The question then is whether Renander is a "victim" for the purposes of section 729.5(5).

The legislature has stated its intent that section 729.5 does not create any new category of individual rights not already protected by state and federal laws and constitutions, or enlarge, diminish, or impair rights already guaranteed by state and federal law. *See* 1990 Iowa Acts ch. 1139, § 3; Iowa Code § 4.6(7). The section only provides a victim with additional civil remedies and imposes on a violator enhanced criminal penalties. Therefore, section 729.5(5) does not give Renander a cause of action that he did not already have under other statutes.

■ We conclude that a person does not become a "victim" for the purposes of subsection 729.5(5) unless he has also been "injured" under subsection 729.5(2). As discussed above, we conclude Renander has not been injured for the purposes of subsection 729.5(2). Because Renander has not been injured under section 729.5(2) and is therefore not a victim under section 729.-5(5), he is not entitled to damages under section 729.5(5).

III. *Disposition.* We have considered and rejected the other contentions of the parties.

Defendant's request for attorney fees from Renander under Iowa Rule of Civil Procedure 80(a) is denied.

We affirm the district court's ruling sustaining Inc., Limited's motion to dismiss Renander's petition.

**AFFIRMED.**