Eddy S. MATSUI, Plaintiff–Appellee,

v.

Lo–An P. KING a/k/a Loan P. King a/k/a Loan Phuong King, L.P.K., Inc., a Delaware Corporation, and Circle j, Inc., Defendants–Appellants.

No. 95–0453.

Court of Appeals of Iowa.

Feb. 28, 1996.

William B. Norton and Brian T. Fairfield of Norton & Norton, Attorneys at Law, P.C., Lowden, for appellants.

Realff H. Ottesen of Ottesen & Priester, Davenport, for appellee.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Between 1986 and 1989, plaintiff Eddy Matsui lent defendant Lo–An King money on numerous occasions for various business expenses. Plaintiff also lent money to L.P.K., Inc., a corporation plaintiff alleged was a mere sham and the alter ego of defendant King. On November 19, 1990, Matsui filed an action in federal district court in Califor-

nia for damages and a request for the imposition of a constructive trust on assets owned by King and her alter ego corporation, L.P.K., Inc. Personal service was not made upon either of the parties, but instead, and in accordance with the applicable federal and state rules, a notice was placed in the newspaper. On September 13, 1991, a default judgment was entered in the California federal district court against King and L.P.K., Inc. in the amount of $133,935.23 plus interest and attorney fees for a total of $157,-641.65.[1]

The judgment was certified in the northern district of Iowa in November 1991. King, who lived in Hawaii, first learned of the judgment in July 1992 when she became aware Matsui was attempting to execute a default judgment against property she owned in Cedar County, Iowa. King immediately filed for Chapter 13 bankruptcy in Hawaii. However, on July 30, 1992, her Cedar County property was sold at a sheriff's sale. The sale was subsequently voided due to the invocation of an automatic bankruptcy stay. The Chapter 13 proceedings were dismissed in December 1992.

Matsui filed a writ of execution in Cedar County with the sheriff's office to levy on King's real estate. In April 1993, the property was again sold at auction. King then filed a petition for declaratory judgment in Cedar County claiming the pending sale was improper. At the hearing on the petition, the district court ruled the sheriff's sale was void because the judgment had not been certified in the district court for Cedar County. Matsui registered the judgment in Cedar County in February 1994 as a certified foreign judgment pursuant to Iowa Code chapter 626A (1993).

In March 1994, King and L.P.K., Inc., under Federal Rule of Civil Procedure 60(b)(4), filed an action to vacate the default judgment entered in the federal district court in California. In essential part, it was the defendants' contention the default judgment was void since (1) no actual service had been

---

1. As will appear later in this opinion, the service by publication on the defendants was upheld by the federal district court at the time the defen-

dants filed their motion to vacate the resulting judgment.

made regarding the lawsuit and the default judgment; (2) service of process was defective; and (3) various defenses regarding the validity of the judgment. On May 11, 1994, the federal district court in California ruled the default judgment was not void and accordingly declined to vacate the judgment and in its ruling denied the defendants' motion. The court stated, "In light of the court's above dispositive conclusion that the default judgment is not void, the court finds it unnecessary to rule on whether the motion [to vacate the default judgment] should be denied on untimeliness grounds." [2]

In November 1994, Circle j, Inc., joined the action as title holder to King's Cedar County property and as attorney-in-fact for King.[3] Circle j subsequently filed a petition to vacate judgment pursuant to Iowa Rule of Civil Procedure 252, asserting the judgment did not contain findings of fact and conclusions of law justifying the amount of the judgment, thereby rendering it invalid. Circle j also maintained the federal district court in California failed to separate liability among the corporate and individual defendants. Circle j also noted that notice of the action was made by publication and not by personal service. Matsui filed his answer, raising affirmative defenses of res judicata and failure to satisfy the statute of limitations. In addition, Matsui filed several motions in an attempt to solidify the issues.

In its January 10, 1995 ruling, the Iowa district court ruled the same issues were raised and litigated in a 1994 motion to vacate the default brought in the federal district court in California, effectively barring King and Circle j from relitigating the judgment. In addition, the Iowa district court concluded the California judgment entered by the federal district court was final in September 1991 and the one-year limitation on filing a petition to vacate under Iowa Rule of Civil Procedure 253 and Iowa Code chapter 624A ran in September 1992. Because we determine this action should be dismissed on res judicata grounds, we need not address the issue of whether the one-year limitation provision under rule 253 begins to run on the date of the original entry in the federal district court or on the date of the filing of the judgment in Iowa. Circle j filed a motion to reconsider which was denied.

Circle j and King appeal.[4]

Our review is for correction of errors at law. Iowa R.App. P. 4.

■ The appellants contend, among other arguments,[5] the district court erred in determining the motion to vacate should be dismissed due to res judicata by issue preclusion. Issue preclusion would prevent the appellants from receiving the relief they seek. Issue preclusion applies when a party attempts to relitigate an issue which has already been raised and decided in a prior action.[6] *Hunter v. City of Des Moines,* 300

---

**2.** Under Federal Rule of Civil Procedure 60(b), if an action is brought to vacate a judgment, it must be done within a reasonable time and for "reasons (1), (2), and (3) [which reasons appeared to apply in those proceedings] not more than one year after the judgment...." The action was filed in the federal district court some two years and seven months after the entry of the default judgment. It was urged by the defendants in the federal district court those time limitations should not apply. The federal district court resolved the issues adverse to King and L.P.K., Inc. It is our belief this is the "untimeliness issue" the federal district court made reference to in its decision.

**3.** The parties agree the rights of Circle j could rise no higher than those rights King may have had.

**4.** Circle j and King will be referred to as the appellants for the remainder of this opinion.

**5.** The appellants on appeal raise certain procedural issues. We note the appellants in their motion to reconsider stated the petition to vacate the judgment was argued to the court. We conclude that any procedural defects were waived by the parties when they consented to proceed in the manner utilized by the trial court.

**6.** Issue preclusion can be used offensively as a "sword" or defensively as a "shield." *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981); *Harrison v. State Bank of Bussey,* 440 N.W.2d 398, 401 (Iowa App.1989). Typically, defensive use of issue preclusion refers to "a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense." *Hunter,* 300 N.W.2d at 123. Offensive use, on the other hand, generally refers to "a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former

N.W.2d 121, 123 (Iowa 1981); *Harrison v. State Bank of Bussey,* 440 N.W.2d 398, 401 (Iowa App.1989) (citing Allan D. Vestal, *Preclusion/Res Judicata Variables: Parties,* 50 Iowa L.Rev. 27 (1964)); *Clark v. Glanton,* 370 N.W.2d 606, 608 (Iowa App.1985).

The four elements of issue preclusion are: (1) the issue must be identical in the two actions; (2) the issue must be raised and litigated in the prior action; (3) the issue must be material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must be necessary and essential to the judgment. *Ackley State Bank v. Haupt,* 451 N.W.2d 495, 496 (Iowa 1990).

The appellants state in their brief the issues raised in the motion to vacate in the California federal district court were: (1) defective service of process; (2) the reasonable time limitations under Federal Rule of Civil Procedure 60(b)(4) do not apply; and (3) various defenses regarding the validity of the judgment. Matsui agrees with this statement of the issues and adds that these are the same issues which were raised in Iowa district court. The appellants do not dispute the issues raised in the two actions were the same; rather, they argue the issues (1) were never litigated in the prior action; (2) were not relevant to the disposition of the prior action; and (3) the determination of the issues were not necessary and essential to the judgment in the prior action.

The California federal district court determined there were no problems with service and found the default judgment was not void. This clearly precludes the appellants from again raising the service issues in Iowa. Further, as the default judgment was found

to be proper and not void, it was implicit in the federal district court's ruling that the other issues and defenses raised by the appellants in that court also failed. If it was otherwise, the federal district court would surely have set aside the judgment on one or more of the grounds urged in that court.

The untimeliness issue referred to by the appellants on appeal and mentioned in the federal district court's ruling related to the time frame when the action to set aside the default had to be filed. Rather obviously, because of the result reached by the federal district court, there was no need to rule on the timeliness of the motion.

In the federal district court, the appellants contested the validity of the default judgment in their action to set the same aside. Those federal proceedings permitted a full and complete hearing on the merits. Substantial rights of the parties were involved, and those rights were either fully litigated or the parties were afforded the opportunity to litigate the same. The ruling of the federal district court was a final ruling and the adverse parties had the right to appeal but declined to do so. Instead, they rested on that court's decision. It follows that no other proceedings could have been thereafter maintained to set aside that judgment. The entire matter was res judicata and defendants were bound by that order. *See Nelson v. Auman,* 221 Minn. 46, 20 N.W.2d 702 (1945).

In Iowa, the appellants are seeking to avoid the enforcement of that foreign judgment by once again attacking the validity of the default judgment on the same grounds as urged in the federal district

judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim." *Id.* In addition, our supreme court has modified the traditional requirement of privity where the doctrine is invoked in a defensive manner. *Id.* "A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Goolsby v. Derby,* 189 N.W.2d 909, 914 (Iowa 1971). Thus, issue preclusion may be applied defensively between nonmutual parties "where the four requisites delineated above are satisfied and where the party against whom the

doctrine is invoked defensively 'was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution.' " *Hunter,* 300 N.W.2d at 123 (quoting *Bertran v. Glens Falls Ins. Co.,* 232 N.W.2d 527, 533 (Iowa 1975)). In addition, our supreme court has stated the identity of a cause of action is established when the same evidence will maintain both causes of action. *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 287 (Iowa 1976); *Young v. O'Keefe,* 248 Iowa 751, 756, 82 N.W.2d 111, 114 (1957).

court. Both actions seek to attack the validity of the default judgment and avoid enforcement of the same. The four elements of issue preclusion set forth in *Ackley* are here present.[7] We find the doctrine of res judicata applies in this case. Upon consideration of all issues raised by the parties on appeal, we conclude the ruling of the district court must be affirmed.

AFFIRMED.

---

**7.** Although neither the appellant nor the appellee refers to claim preclusion, we will make brief reference to it in this footnote. Claim preclusion can be generally described as when a litigant brings an action and receives an adjudication, then the litigant is foreclosed from further litigation on the claim. *Israel v. Farmer's Mut. Ins. Assoc. of Iowa*, 339 N.W.2d 143, 146 (Iowa 1983); *Harrison*, 440 N.W.2d at 399. Claim preclusion is based upon the principle a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. *Swisher & Cohrt v. Yardarm, Inc.*, 236 N.W.2d 297, 299 (Iowa 1975). Claim preclusion only applies if the claim for relief litigated in the previous proceeding was the same as the claim of the present action. *West v. Wessels*, 534 N.W.2d 396, 398 (Iowa 1995); *Fournier v. Illinois Casualty Co.*, 391 N.W.2d 258, 259–60 (Iowa 1986). In order for claim preclusion to apply, the two lawsuits must involve the same parties and the same claim. *B & B Asphalt*, 242 N.W.2d at 286; *Harrison*, 440 N.W.2d at 400.