Rodney TREIMER, Petitioner–Appellant,

v.

Connie Sue LETT and Darrin J. Lett, Respondents–Appellees.

Connie Sue Lett, petitioner-Appellant,

v.

Rodney Treimer and Darrin J. Lett, Defendants to cross petition-Appellees.

No. 97–513.

Court of Appeals of Iowa.

Oct. 29, 1998.

James W. Affeldt and Richard Q. Barrett of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellant Connie Lett.

Edward N. Wehr of Wehr, Berger, Lane & Stevens, Davenport, for appellant Rodney Treimer.

Theodore F. Sporer of the Sporer Law Firm, P.C., for appellee Darrin Lett.

Decided by SACKETT, C.J., and HUITINK, STREIT, VOGEL, and MAHAN, JJ.

VOGEL, J.

Rodney Treimer and Connie Lett appeal the district court order dismissing their separate petitions to establish paternity.[1] Rodney argues the district court erred in dismissing his petition for lack of standing. Connie asserts the district court erred in dismissing her cross-petition by misapplying the doctrine of issue preclusion. We affirm the district court as to Rodney, reverse as to Connie, and remand.

**Background facts and procedure.** Connie and Darrin Lett were married on December 16, 1983. Three children were born during the marriage: Julia, Justine, and Jena.

Connie filed a dissolution petition in April 1995. In that petition, she stated Jena was Rodney's, not Darrin's child. Rodney attempted to intervene in the dissolution to establish his paternity, but the court denied his request, which was filed just days before the scheduled dissolution trial. Rodney did not appeal the court's decision.

In a temporary order concerning custody and support, the court found that Rodney was Jena's biological father, but that Darrin was her established father because he was married to Connie at the time of Jena's birth.[2] The court also determined that Connie had failed to carry her burden to prove it was in Jena's best interests to overcome Darrin's established paternity. Darrin was awarded temporary primary physical care of all three children. The dissolution decree specifically incorporated the earlier temporary order, finding that Connie had failed to carry her burden to overcome the establishment of Darrin's paternity. Connie appealed from the decree and Darrin cross-appealed.

While the appeal from the dissolution decree was pending, Rodney filed a petition to establish paternity. Connie filed a cross-petition, seeking to have Rodney determined to be Jena's father and ordered to pay child support. Darrin filed motions to dismiss both petitions. The court sustained Darrin's motions, finding that Rodney did not have standing to bring the paternity action because he was not the "established father" or "legal representative." *See* Iowa Code § 600B.41A(3)(a)(1).[3] It also dismissed Connie's cross-petition on grounds of issue preclusion/res judicata.

In our decision on the appeal from the dissolution decree, we revoked the trial court's award of joint legal custody of Jena and gave sole legal custody to Connie. *In re Marriage of Lett*, No. 7–484/96–2148, slip op. at 7 (Dec.29, 1997). However, we did not require Darrin to pay child support for Jena,

---

1. Although captioned as a petition to *establish* paternity, this action falls under Iowa Code section 600B.41A - actions to *overcome* paternity.

2. Jena's birth certificate lists Darrin as her father, as required by Iowa Code section 144.13(2). This section provides, in pertinent part:
   If the mother was married either at the time of conception or birth, the name of the husband shall be entered on the certificate as the father of the child...

3. Iowa Code section 600B.41A(3)(a)(1) expressly limits those who have standing to file an action to *overcome* paternity.
   "A petition to overcome paternity may be filed *only* by the mother of the child, the established father of the child, the child, or the legal representative of any of these parties." (Emphasis added).

Compare the much broader language of section 600B.8, indicating those who have standing to bring an action to *establish* paternity:
   "The proceedings may be brought by the mother, or *other interested person*, or if the child is or is likely to be a public charge, by the authorities charged with its support. After the death of the mother or in case of her disability, it may also be brought by the child acting through its guardian or next friend." (Emphasis added).

because she is not his biological child and the trial court rejected his "equitable father" claim. *Id.* at 7 n. 1.

**■ *Scope of review.*** Actions to establish or overcome paternity are triable as ordinary proceedings. Iowa Code §§ 600B.10, 600B.41A(5); *Dye v. Geiger,* 554 N.W.2d 538, 539 (Iowa 1996). This appeal comes to us after the district court granted Darrin's motions to dismiss. Our review of motions to dismiss is for correction of errors of law. Iowa R.App. P. 4; *State ex rel. Johnson v. Allen,* 569 N.W.2d 143, 144 (Iowa 1997). A motion to dismiss is not directed to the discretion of the court, but rather is based on legal grounds. *See Renander v. Inc. Ltd.,* 500 N.W.2d 39, 41 (Iowa 1993). A court's ruling on a motion to dismiss "does not conclusively determine the merits of the issues presented in the petition." *City of Iowa City v. Hagen Electronics, Inc.,* 545 N.W.2d 530, 534 (Iowa 1996) (*quoting City of Ankeny v. Armstrong,* 353 N.W.2d 864, 868 (Iowa App.1984)).

**■ *Rodney's petition to overcome paternity.*** Iowa Code section 600B.41A provides for an action to overcome paternity. Such action may be filed "*only* by the mother of the child, the *established father* of the child, the child, or the legal representative of any of these parties." Iowa Code § 600B.41A(3)(a)(1) (emphasis added). This differs from the parties who may file an action under chapter 600B to establish paternity: "the mother, *or other interested person,* or if the child is likely to be a public charge, by the authorities charged with its support." Iowa Code § 600B.8 (emphasis added). The legislature clearly intended to limit who could petition to overcome paternity.

At odds with section 600B.41A are the plain facts of this case: Rodney is the biological father of Jena, as proven with blood testing, as agreed upon by all parties and as recognized by the court. However, Darrin is Jena's "established father." His name remains on the birth certificate but beyond that, his role is currently limited.[4] Because the trial court rejected the "equitable parent" doctrine argument, and this court affirmed, Darrin was not ordered to pay child support for Jena. *See* Iowa Code § 600B.41A(6).[5]

The procedure to overcome paternity is strictly statutory. *See* Iowa Code § 600B.41A. The unassailed fact of Rodney's paternity, as stipulated to and judicially recognized throughout this case, has failed procedurally to overcome Darrins status as "established father." Rodney now seeks to overcome Darrin's "established father" status pursuant to Iowa Code section 600B.41A, and Connie seeks the same end in order to collect child support. Yet under a plain reading of the statute, Rodney lacks standing to petition to overcome Darrin's paternity of Jena. This is a situation perhaps not anticipated by the legislature. It is a result of the conflict between the term "equitable parent," as defined by case law,[6] and the term "established parent," which has not been clearly defined. These circumstances leave Jena as a child with an "established father" who has no custodial rights nor responsibility to pay child support, and a biological father who has no standing to petition for custody or visitation.

Returning to the question before us on appeal, we determine Rodney's status as biological father does not confer upon him standing to petition to overcome Darrin's paternity as the "established father" pursuant to the requirements of Iowa Code section 600B.41A. We therefore affirm the district court's dismissal of Rodney's petition.

**■ *Connie's petition to overcome paternity.*** Connie claims our decision in the ap-

---

4. Visitation remains for the primary benefit of Jena and the half-siblings.

5. This section provides:

    b. If the court dismisses the action to overcome paternity and preserves the paternity determination under this subsection, the court shall enter an order establishing that the parent-child relationship exists between the established father and the child, and including establishment of a support obligation pursuant to section 598.21 and provision of custody and visitation pursuant to section 598.41.

6. The equitable parent doctrine was adopted in Iowa in *In re Marriage of Gallagher,* 539 N.W.2d 479 (Iowa 1995) after being previously rejected in a line of cases beginning with *Petition of Ash,* 507 N.W.2d 400 (Iowa 1993).

peal of the dissolution decree "dramatically changed the dynamics upon which the District Court's decision was based," and the resulting consequences for Jena and Connie are "severe and inequitable." We agree.

■ Darrin argues the dismissal as to Connie was correct based on the doctrine of issue preclusion. Issue preclusion applies when a party attempts to relitigate an issue which has been raised and decided in a prior action. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981); *Matsui v. King*, 547 N.W.2d 228, 230 (Iowa App.1996).

The four elements of issue preclusion are: (1) the issue must be identical in the two actions; (2) the issue must be raised and litigated in the prior action; (3) the issue must be material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must be necessary and essential to the judgment.

*Matsui*, 547 N.W.2d at 231 (*citing Ackley State Bank v. Haupt*, 451 N.W.2d 495, 496 (Iowa 1990)). Darrin asserts the dissolution decided the issue of overcoming his paternity and Connie cannot relitigate it under chapter 600B. To prevail on his motion to dismiss, Darrin needed to convince the court that Connie's claim would not entitle her to relief under any state of facts provable under the allegations of the petition. *See Rittscher v. State*, 352 N.W.2d 247, 250 (Iowa 1984). On our appellate review of the dismissal, we construe those allegations in the light most favorable to Connie with all doubts resolved in her favor. *Stanley v. Fitzgerald*, 509 N.W.2d 454, 457 (Iowa 1993). In determining custody and support in the dissolution, we find it was not necessary for the court to establish paternity. *See* Iowa Code § 598.41(3); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974) (both listing factors to be considered in determining custody). We conclude issue preclusion does not apply under the circumstances of this case. We reverse the district court's dismissal of Connie's cross-petition and remand this matter for further proceedings pursuant to Iowa Code section 600B.41A. Costs of this appeal are split equally among the three parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All judges concur except SACKETT, C.J., who partially dissents.

SACKETT, J. (concurring in part; dissenting in part)

I concur in part and dissent in part. I concur with the majority that Connie's petition should not have been dismissed. I also agree with the majority that Rodney is the biological father of Jena. Unlike the majority, I believe Rodney has standing and I would reverse, too, the dismissal of his petition.

The majority suggests this is a situation not anticipated by the legislature. I disagree. Iowa Code section 600B.7 provides:

Proceedings to establish paternity and to compel support by the father may be brought in accordance with the provisions of this chapter. *They shall not be exclusive of other proceedings that may be available on principals of law and equity.*

Iowa Code § 600B.7 (emphasis added).

Rodney is Jena's biological father and those rights have not been previously terminated. Principals of equity dictate Rodney should either be considered an established father or allowed to bring the paternity action.